# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| ROLAND TURK, | CIVIL ACTION |
|     Plaintiff, |  |
|  | NO. 09-CV-6181 |
| v. |  |
|  |  |
| SALISBURY BEHAVIORAL HEALTH, INC., SALISBURY MANAGEMENT, INC., and PAUL VOLOSOV, |  |
|     Defendants. |  |

DuBOIS, J.                                                                                      April 27, 2010

## **M E M O R A N D U M**

Presently before the Court is defendants' Motion to Dismiss Amended Complaint (Document No. 7, filed March 15, 2010), seeking to dismiss Counts I and II of the First Amended Civil Action Complaint ("Amended Complaint") against Salisbury Management, Inc. and Paul Volosov, and to dismiss Counts IV and VI against all defendants. For the following reasons, defendants' motion is: (1) granted with prejudice as to defendant Paul Volosov with respect to Counts I and II; (2) denied as to defendant Salisbury Management, Inc. with respect to Counts I and II; and (3) granted as to all defendants with respect to Counts IV and VI, without prejudice to plaintiff's right to file a second amended complaint within twenty days, if warranted by the facts.

**I.      BACKGROUND**[1]

Plaintiff Roland Turk was jointly employed by defendants Salisbury Behavioral Health, Inc. ("SBH") and Salisbury Management, Inc. ("SMI") as Chief Operations Officer for approximately nine years. (Am. Compl. ¶¶ 11, 23.) SBH "directed [Turk's] work on a daily basis." (Am. Compl. ¶ 12.) SMI provided management, payroll, and other services to SBH, and was responsible for paying Turk. (Am. Compl. ¶¶ 5, 13.) SMI and SBH have interrelated operations, common ownership and management, centralized control of labor relations, and utilize the same letterhead. (Am. Compl. ¶¶ 9-10, Ex. A.) Defendant Paul Volosov was President of both SBH and SMI during Turk's employment. (Am. Compl. ¶ 24.)

On January 20, 2009, Volosov terminated Turk, at the age of 68, on behalf of SBH and SMI. (Am. Compl. ¶ 27.) Following his termination, Turk filed two Equal Employment Opportunity Commission ("EEOC") Complaints charging age discrimination and retaliation against Volosov and SBH. (Defs.' Mot. Exs. A-B.) Turk's two EEOC Complaints did not name SMI as a party. (Defs.' Mot. Exs. A-B.) Turk subsequently filed suit in federal court on December 29, 2009, naming SMI and Volosov as defendants. (Compl.) Turk's Amended Complaint, filed on February 16, 2010, added SBH as a third defendant. (Am. Compl.)

In the Amended Complaint, plaintiff avers that defendants "besmirched and defamed" him by disseminating false statements about his job performance which damaged his reputation

---

[1] These facts are taken from the Amended Complaint and the exhibits attached to defendants' motion – two EEOC Complaints filed by Turk asserting claims of age discrimination and retaliation against Salisbury Behavioral Health, Inc. and Volosov, to which reference is made in the Amended Complaint – and are presented in the light most favorable to plaintiff. In its factual analysis, the court may "consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

and prevented him from obtaining employment elsewhere. (Am. Compl. ¶¶ 34, 50-51, 59.) According to the Amended Complaint, defendants provided false information about the reasons for Turk's termination to his former co-workers and prospective employers. (Am. Compl. ¶¶ 34, 51, 59.)

In their motion to dismiss, defendants challenge four of the six claims in plaintiff's Amended Complaint.[2] Specifically, defendants move to dismiss Counts I and II, alleging claims of discrimination and retaliation under the Age Discrimination Employment Act ("ADEA"), against SMI and Volosov, and Counts IV, alleging defamation, and VI, alleging intentional interference with prospective contractual relations, against all three defendants.

## II. LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that, in response to a pleading, a defense of "failure to state a claim upon which relief can be granted" may be raised by motion. In analyzing a motion to dismiss pursuant to Rule 12(b)(6), the Court "accept[s] all factual allegations as true, [and] construe[s] the complaint in the light most favorable to the plaintiff...." Phillips v. County of Allegheny, 515 F.3d 224, 231, 233 (3d Cir. 2008) (internal quotations omitted).

"To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level....'" Victaulic Co. v. Tieman, 499 F.3d 227, 234 (3d Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

---

[2] Because the Amended Complaint does not specify which claims are asserted against which defendants, the Court assumes each claim is asserted against all three defendants.

Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570). To satisfy the plausibility standard, a plaintiff's allegations must show that defendant's liability is more than "a sheer possibility." Id. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557).

In Twombly, the Supreme Court utilized a "two-pronged approach" which it later formalized in Iqbal. Iqbal, 129 S. Ct. at 1950; Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). Under this approach, a district court first identifies those factual allegations which constitute nothing more than "legal conclusions" or "naked assertions." Twombly, 550 U.S. at 555, 557. Such allegations are "not entitled to the assumption of truth" and must be disregarded. Iqbal, 129 S. Ct. at 1950. The court then assesses "the 'nub' of the plaintiff['s] complaint – the well-pleaded, nonconclusory factual allegation[s]... to determine" whether it states a plausible claim for relief. Id.

### III. DISCUSSION

#### A. Counts I and II: ADEA Claims

##### 1. Defendant Paul Volosov

Defendants argue that the ADEA claims in Counts I and II against Paul Volosov should be dismissed because "the ADEA does not provide for individual liability." Hill v. Borough of Kutztown, 455 F.3d 225, 246 n.29 (3d Cir. 2006). Plaintiff does not dispute this statement of the law and concedes that the Amended Complaint does not state any ADEA claims against Volosov. Accordingly, Counts I and II against Volosov are dismissed with prejudice.

## 2. Defendant SMI

Defendants argue that any claim against SMI under the ADEA must be dismissed because only SBH and Volosov were named in plaintiff's EEOC Complaints. A civil action under the ADEA generally may only be brought against respondents named in the EEOC complaint. See 29 U.S.C. § 626(d)-(e); see also Schafer v. Bd. of Pub. Educ. of the Sch. Dist. of Pittsburgh, 903 F.2d 243, 251-52 (3d Cir. 1990).[3] However, the Third Circuit has recognized an exception to this rule which permits ADEA claims to proceed against a party unnamed in an EEOC complaint if it shares an "identity of interest" with a party named in the EEOC complaint. Id.

In Glus v. G.C. Murphey Co., the Third Circuit established four factors for determining whether a party unnamed in an EEOC complaint may be sued in a civil action:

> 1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint; 2) whether, under the circumstances, the interests of a named [party] are so similar as the named party that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings; 3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; 4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

562 F.2d 880, 888 (3d Cir. 1977).

The Amended Complaint sets forth facts that, if viewed in the light most favorable to plaintiff, satisfy these factors. Specifically, plaintiff has alleged that SBH responded to the

---

[3] Although Schafer is a Title VII case, the filing provisions of Title VII and ADEA are so similar that courts often apply Title VII rules to ADEA cases. See Oscar Mayer & Co. v. Evans, 441 U.S. 750, 756 (1979) (concluding that Congress intended the construction of ADEA to mimic the construction of Title VII); see also Gray v. York Newspapers, Inc., 957 F.2d 1070, 1079 (3d Cir. 1992) (applying Schafer and other Title VII doctrine to ADEA claim); Magee v. Local 2187, No. 05-1669, 2008 WL 2812986, at *8 (E.D. Pa. July 21, 2008) (applying identity of interest test from Schafer to ADEA claim).

EEOC Complaints on SMI letterhead, that SMI was responsible for paying plaintiff, and that SBH and SMI have common ownership, management, and "centralized control of labor relations." (Am. Compl. ¶¶ 9, 13, Ex. A.) These allegations demonstrate that SMI had notice of the EEOC Complaints, and that SMI's and SBH's interests were so similar that naming both parties in the EEOC Complaints was unnecessary.

Defendants argue that because plaintiff has not alleged that he was unrepresented by counsel when he filed his EEOC Complaints, he cannot avail himself of the identity of interest exception to the EEOC exhaustion requirement. Defendants rely on Christaldi-Smith v. JDJ, Inc., 367 F. Supp. 2d 756 (E.D. Pa. 2005) and Cronin v. Martindale Andres & Co., 159 F. Supp. 2d 1 (E.D. Pa. 2001) in advancing this argument.. These cases hold that the identity of interest exception applies only to pro se litigants. This Court rejects those rulings.

The Third Circuit has observed that, "[t]he purpose of requiring an aggrieved party to resort first to the EEOC is twofold: to give notice to the charged party and provide an avenue for voluntary compliance without resort to litigation." Glus, 562 F.2d at 888. As the Glus factors make clear, the identity of interest exception focuses on whether the unnamed party had notice of the EEOC complaint, and is based on "the goal of conciliation" and "the availability of complete redress." Id. Although the Glus court notes that the exception helps those unrepresented by counsel avoid a technical stumbling block, the Third Circuit did not limit the identity of interest exception to pro se litigants. Nor will this Court. So long as the Glus factors are satisfied, a claim under the ADEA may be brought against a party unnamed in the EEOC complaint.

Therefore, the Court concludes that Turk's ADEA claims against SMI may proceed based on the identity of interest exception, regardless of whether he was represented by counsel

when he filed the EEOC Complaints. Accordingly, defendants' motion to dismiss Counts I and II against SMI is denied.

B. **Count IV: Defamation**

Defendants move to dismiss Count IV, alleging defamation based on statements made about Turk's job performance. Defendants argue that plaintiff has failed to aver sufficient facts to support a claim because the Amended Complaint does not identify any specific statements capable of defamatory meaning.

The elements of a defamation claim under Pennsylvania law are: 1) the defamatory character of the communication, 2) its publication by the defendant, 3) its application to the plaintiff, 4) the understanding by the recipient of its defamatory meaning, 5) the understanding by the recipient of it as intended to be applied to the plaintiff, 6) special harm resulting to the plaintiff from its publication, 7) abuse of a conditionally privileged occasion. See Joseph v. Scranton Times L.P., 959 A.2d 322, 335 (Pa. Super. Ct. 2008); 42 Pa. C.S.A. § 8343(a).

The federal pleading standards apply to state law claims asserted in federal court. Hanna v. Plumer, 380 U.S. 460, 473 (1965). However, there is a split of opinion in this District as to the level of specificity required to plead a defamation claim under Pennsylvania law. Compare Ersek v. Twp. of Springfield, 822 F. Supp. 218, 223 (E.D. Pa. 1993) ("A complaint for defamation must, on its face, specifically identify what allegedly defamatory statements were made by whom and to whom.") with Reager v. Williams, No. 3:08cv2035, 2009 WL 3182053, at *5 (M.D. Pa. Sept. 25, 2009) (pleading of precise defamatory statements is not required "as long as the count provides sufficient notice to the defendant"); see also 5 Charles Alan Wright &

when he filed the EEOC Complaints. Accordingly, defendants' motion to dismiss Counts I and II against SMI is denied.

B. **Count IV: Defamation**

Defendants move to dismiss Count IV, alleging defamation based on statements made about Turk's job performance. Defendants argue that plaintiff has failed to aver sufficient facts to support a claim because the Amended Complaint does not identify any specific statements capable of defamatory meaning.

The elements of a defamation claim under Pennsylvania law are: 1) the defamatory character of the communication, 2) its publication by the defendant, 3) its application to the plaintiff, 4) the understanding by the recipient of its defamatory meaning, 5) the understanding by the recipient of it as intended to be applied to the plaintiff, 6) special harm resulting to the plaintiff from its publication, 7) abuse of a conditionally privileged occasion. See Joseph v. Scranton Times L.P., 959 A.2d 322, 335 (Pa. Super. Ct. 2008); 42 Pa. C.S.A. § 8343(a).

The federal pleading standards apply to state law claims asserted in federal court. Hanna v. Plumer, 380 U.S. 460, 473 (1965). However, there is a split of opinion in this District as to the level of specificity required to plead a defamation claim under Pennsylvania law. Compare Ersek v. Twp. of Springfield, 822 F. Supp. 218, 223 (E.D. Pa. 1993) ("A complaint for defamation must, on its face, specifically identify what allegedly defamatory statements were made by whom and to whom.") with Reager v. Williams, No. 3:08cv2035, 2009 WL 3182053, at *5 (M.D. Pa. Sept. 25, 2009) (pleading of precise defamatory statements is not required "as long as the count provides sufficient notice to the defendant"); see also 5 Charles Alan Wright &

Arthur R. Miller, Federal Practice and Procedure § 1245 (3d ed. 2004) (questioning whether the historically stringent pleading standard for defamation survives the federal pleading rules). Even where courts apply a more liberal pleading requirement, plaintiff must nonetheless allege facts which sufficiently set forth the substance of the alleged defamatory statements to give proper notice of plaintiff's claim to defendants. See Joyce v. Alti America, Inc., No. 00-5420, 2001 WL 1251489, at *3 (E.D. Pa. Sept. 27, 2001).

Regardless of which pleading standard applies, plaintiff's Amended Complaint fails to state a claim for defamation. The Amended Complaint does not identify the substance of the alleged defamatory statements, or state the circumstances under which they were allegedly made. Rather, plaintiff merely avers in conclusory fashion that defendants "besmirched and defamed" him, and "disseminated false statements... concerning [his] job performance." (Am. Compl. ¶¶ 34, 50-51.) Furthermore, plaintiff has not identified any specific recipient of the alleged communications, and thus has failed to connect the defamatory statements to his failure to obtain a job, harm to his reputation, or any other claimed injury. As such, plaintiff has not sufficiently plead facts which satisfy the elements of defamation under Pennsylvania law. Accordingly, Count IV of the Amended Complaint is dismissed without prejudice to plaintiff's right to file a second amended complaint within twenty days, if warranted by the facts.

### C. Count VI: Interference with Prospective Contractual Relations

Defendants also move to dismiss Count VI of the Amended Complaint, which alleges a claim of intentional interference with prospective contractual relations. Defendants argue that plaintiff has not pled sufficient facts to support this claim, including any particular contract with

which defendants allegedly interfered. The Court agrees.

The elements of a claim interference with prospective contractual relations are: 1) a prospective contractual relation, 2) intent to harm the plaintiff by preventing the relation from occurring, 3) absence of privilege or justification on the defendant's part, and 4) resulted damage. See Silver v. Mendel, 894 F.2d 598, 602 (3d Cir. 1990) (citing Thompson Coal Co. v. Pike Coal Co., 488 Pa. 198 (1979)). As to the first element, a prospective contract is something more than a mere hope, "it exists if there is a reasonable probability that a contract will arise." Alvord-Polk, Inc. v. F. Schumacher & Co., 37 F.3d 996, 1015 (3d Cir. 1994) (quoting Glenn v. Point Park Coll., 441 Pa. 474 (1971)).

Plaintiff alleges that, as a result of defendants "besmirch[ing] and defam[ing]" him to other agencies and by giving negative references, he has been "unable to gain other employment." (Am. Compl. ¶ 34.) However, the Amended Complaint does not identify a single contract or job which he did not receive due to defendants' actions. See Brunson Commc'ns, Inc. v. Arbitron, Inc., 239 F. Supp. 2d 550, 578 (E.D. Pa. 2002) (granting motion to dismiss because plaintiff did not identify any specific prospective contract). Shorn of the legal conclusions that defendants intentionally interfered with prospective contracts, the Amended Complaint only states that plaintiff has been generally unable to obtain a job. Without more, the Amended Complaint does not state a claim for intentional interference with contractual relations. Accordingly, defendants' motion to dismiss Count VI is granted without prejudice to plaintiff's right to file a second amended complaint within twenty days, if warranted by the facts.

**IV. CONCLUSION**

For the foregoing reasons, defendants' motion to dismiss is granted in part and denied in

part. With respect to Counts I and II, defendants' motion is granted with prejudice as to defendant Volosov and denied as to defendant SMI. Defendants' motion with respect to Counts IV and VI is granted without prejudice to plaintiff's right to file a second amended complaint within twenty days, if warranted by the facts.

An appropriate order follows.